MAYER, Surviving Copartner, etc., *v.* GOURDEN and another, Assignees, etc.

(*District Court, S. D. Georgia, E. D.*  November, 1885.)

1. BANKRUPTCY—DISCHARGE—SETTLEMENT WITH CREDITORS AND APPOINTMENT OF TRUSTEE.
   A settlement with their creditors by the members of a bankrupt firm, under section 5103 of the Revised Statutes, where trustees are appointed by a vote of the creditors, is in lieu of the usual proceedings in bankruptcy, and a discharge obtained thereby is complete and final.

2. SAME—POWER OF COURT TO APPOINT ASSIGNEE.
   Where the debts of the bankrupt firm are settled with such trustees, the trustees have settled with the creditors, and have been themselves discharged, and the bankrupts are discharged, the bankrupts are entitled to a remaining surplus of their estate; and, in the absence of such representations of fraud or mistake as would vitiate the discharge, the district court has no authority to appoint an assignee to take possession of such surplus.

In Bankruptcy.
*W. W. Frazier* and *Jackson & Whatley*, for plaintiff.
*Geo. A. Mercer*, for defendants.

SPEER, J.   It appears from the record in this case that Ketcham & Hartridge, a banking firm of the city of Savannah, were indebted to S. Kaufman & Co., partners, in the city of New York.   Ketcham & Hartridge were adjudged bankrupts, in this court, on June 17, 1873, and have received their discharge.   Gourden & Young were their assignees.   After settling with the creditors of Ketcham & Hartridge it appeared that Gourden & Young had in their possession $2,095.02, which was the percentage of the assets of the bankruptcy belonging to the firm of S. Kaufman & Co.   It also appears that Kaufman & Co. were adjudged bankrupts in the district court of the United States for the Southern district of New York, and that trustees were appointed, under section 5103 of the Revised Statutes of the United States, to settle the indebtedness of the firm.   The trustees of Kaufman & Co. performed their duty, and, depositing in the registry of the court in New York a gross sum for the several creditors, were discharged by the register from all further duty to the creditors.   This was done on the third of May, 1874.   On the sixth of October, 1875, the district court of the United States, Southern district of New York, the Honorable SAMUEL BLATCHFORD, district judge, presiding, granted a discharge in bankruptcy to Charles H. Kaufman; having previously, on the eighteenth day of September of the same year, granted a discharge to Henry Mayer and Samuel Kaufman, copartners.   No assignee had been appointed for Kaufman & Co. prior to their discharge; the action of the trustee, under section 5103 of the Revised Statutes, having been substituted in lieu of the usual proceedings in bankruptcy.

In May, 1884, Gourden & Young, assignees of Ketcham & Hartridge, filed a petition in the district court here, in which they recited

the fact that at an adjourned meeting of the creditors of said bankrupts, on the twenty-second of June, 1881, before the register, they submitted to the creditors the proposition to pay to them 2½ per centum as a dividend on their respective claims, such dividend to be in full settlement, with the understanding that the assignees should be permitted to retain the remainder of the assets, real and personal, in settlement of their compensation as assignees. This proposition was accepted by the creditors, with the exception of three or four, among whom was S. Kaufman & Co.; that the dividend of 2½ per cent. was placed to the credit of S. Kaufman & Co., and amounted to $2,095.02. The assignees further recite that after diligent effort they were unable to find S. Kaufman & Co., or any of them; that they could not reach them through the mails, and could find nobody representing them. They therefore pray that the amount awarded to S. Kaufman & Co. be paid to them, as assignees, as a part of their compensation, it being unclaimed. The prayer in this petition was denied by the Honorable JAMES W. LOCKE, judge presiding, June 3, 1884, and in the order denying the prayer, the register was instructed to discover the persons lawfully entitled to the fund in question.

On January 4, 1886, Henry Mayer, of the city of Chicago, filed his petition in the district court, reciting the fact that he was the surviving copartner of the firm of S. Kaufman & Co.; that the members of said firm, subsequently to adjudication in bankruptcy of the firm of Ketcham & Hartridge, were also adjudged bankrupt; that the proceeding in bankruptcy wherein they were so adjudged has been entirely disposed of; that the debts of S. Kaufman & Co. had been settled, and their trustees discharged, and that the fund of $2,095.02, in the hands of the assignees of Ketcham & Hartridge, should be paid to petitioner as surviving copartner of Kaufman & Co. A rule *nisi* was granted on this petition, directing Gourden & Young, the assignees of Ketcham & Hartridge, to show cause why said sum should not be paid to the petitioner. Their answer to this rule sets forth substantially the facts alleged in petition to Judge LOCKE before referred to, and they ask that if they are not to retain this sum, that the court will direct to whom it shall be paid.

On the hearing of said rule, John L. Platt, of New York, by counsel, appeared before the court, and claimed the fund as the assignee of Kaufman & Co. He produced a paper purporting to be an order signed by the Honorable ADDISON L. BROWN, district judge of the Southern district of New York, dated on the ——— day of ———, 1886, and, after the rule *nisi*, directed to the assignees of Ketcham & Hartridge, was granted, appointing him as such assignee. The form of the order, and the manner of his signature, would appear to indicate that it was signed by the clerk of the district court, on the request of the assignee. Certainly no bankruptcy proceeding was pending against Kaufman; the debts of that firm had been settled

by trustees; their action was regular, under the statute, as before stated, in lieu of other proceedings in bankruptcy; the trustees had been settled with, and discharged; and all the members of the firm of Kaufman & Co. had received their formal discharge. Clearly, therefore, to appoint an assignee in bankruptcy for Kaufman & Co. was a proceeding *de novo*, and a proceeding without warrant of law, for the bankrupt law had been repealed by act of congress. Platt, therefore, who claims to act as assignee, could have no right to this fund. The claim of the assignees of Ketcham & Hartridge, that the sum is to be regarded as a surplus, and a part of their compensation, is quite as untenable. As to them it had already been adjudicated by his honor, Judge Locke, unfavorably, and, besides, their claim is placed upon the ground that Kaufman & Co. could not be found. This difficulty is now obviated. Kaufman & Co., through their surviving copartner, are properly entitled the owners of this fund, and to them the court will direct it to be paid. It appears, however, that the assignees of Ketcham & Hartridge have retained counsel, and taken advice with regard to the disposition of this sum. They are entitled to be reimbursed for expenditures in this behalf, and the fund is also properly liable for the costs of this proceeding.